**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMONA MATEO CRISTOBAL, | Case No.: 3:26-cv-02522-RBM-VET |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TODD BLANCHE, Acting United States Attorney General, et al., | **[Doc. 1]** |
| Respondents. | |

On April 21, 2026, Petitioner Simona Mateo Cristobal ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) Respondents filed a Return to Petition on April 28, 2026.  (Doc. 5.)  Petitioner was authorized to file a reply on or before May 5, 2026, but did not file one.  For the reasons set forth below, the Petition is **GRANTED**.

## I.   BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection on May 4, 2023.  (Doc. 1-2 at 5.)  The next day, she was arrested by Customs and Border Patrol and placed in removal proceedings.  (*Id.*)  The immigration judge ultimately terminated Petitioner's removal proceedings without prejudice on November 21, 2023.  (*Id.* at 6.)  Petitioner has remained in the United States continuously since then.  (Doc. 1 at 3.)

1

On March 3, 2026, the Department of Homeland Security ("DHS") detained Petitioner after she mistakenly drove into Camp Pendleton. (*Id.* at 4.) DHS transferred Petitioner to Otay Mesa Detention Center and initiated removal proceedings against her. (*Id.*) Petitioner was served with a Notice to Appear and charged as inadmissible under Immigration and Nationality Act § 212(a)(6)(A)(i). (*Id.*) She is currently detained and has her next immigration court hearing on May 13, 2026. (*Id.*)

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner claims that she is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. (Doc. 1 at 5–8.) Respondents "acknowledge[ ] prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases" and "do not oppose an order from this Court directing a bond hearing be held." (Doc. 5 at 1–2.) Given Respondents' concession and this Court's previous Orders[1] findings that similarly-situated petitioners are entitled to bond hearings under § 1226(a), the Court **<u>GRANTS</u>** the Petition.

---

[1] *See Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1 (S.D. Cal. Dec. 8, 2025); *Hernandez Flores v. LaRose*, Case No.: 3:25-cv-03023-RBM-DDL (S.D. Cal. Nov. 25, 2025), ECF No. 8 at 6–8.

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly, the Court **ORDERS** as follows:

1.  Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

2.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that her detention is governed by the mandatory detention provision under 8 U.S.C. § 1225(b)(2).

3.  If the bond hearing is not conducted **within fourteen (14) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that her detention is warranted under § 1226(a).

4.  Respondents are **ORDERED** to File a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing.

**IT IS SO ORDERED**.

DATE:  May 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-02522-RBM-VET